[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION FOR DISTRIBUTION OF SALE PROCEEDS
The substituted plaintiff The Cadle Company moves for an order CT Page 3097 approving and allowing the distribution of the proceeds of a sale of property of the defendant judgment debtor Herbert Savitt. The property is described as a collection of ivory and porcelain pieces which the levying officer, Deputy Sheriff (now State Marshal) Kenneth Capaldo, took into his possession on June 23, 2000.
The levying officer conducted an auction of the items on November 12, 2000, in Waterbury, Connecticut. It appears that the sole bidder was the plaintiff. The collection was sold to the plaintiff for $1000.
Conn. Gen. Stat. § 52-356a(d) provides that the distribution of the proceeds of such a sale is "subject to the supervision of the court." The statute provides that the proceeds shall be applied according to the following priorities:
 (1) To all reasonable and necessary costs of sale; (2) to other legal costs of levy including the levying officer's fees of five per cent of the amount realized; (3) to payment of the judgment creditor pursuant to the judgment under which the sale was held or the money received . . .
The plaintiff proposes to pay the levying officer the following fees out of the $1000 sale proceeds: Room rental — $100; Auction — $195; Paid assistant — $75. In addition, there is a charge of 10%, not 5%, of the proceeds of sale, for a fee of $100, and a charge of $485 for travel time. Taken together, there is a proposed charge of $955 for services in connection with the sale, leaving $45 to remit to the plaintiff to apply against the outstanding judgment debt.
The court finds the charge for a room rental in which to conduct the auction to be reasonable, as well as the modest charge for an assistant — so that the "reasonable and necessary costs of sale" are $175.
The court does not find it reasonable for the levying officer to charge a fee of $195 for conducting the auction, particularly in a circumstance such as this in which there was little if any attendance or competition at the auction, in addition to the statutory fee of 5% of the sale proceeds. The court approves a fee for conducting the auction of $50 in addition to the 5% fee for a total fee for services of $100.
With respect to the expense for travel time of $485, there is a second sheriff's invoice from the office of a different officer, State Marshal Dominic Jannetty which includes an additional charge of $485 for travel time. The return of the levying officer Kenneth Capaldo indicates that Capaldo took possession of the property, presumably in Hamden, where a CT Page 3098 previous return indicates he served certain post-judgment process in this case. Capaldo thereafter conducted an auction in Waterbury at the Marriot Courtyard Hotel. The property was then safely delivered to the offices of the plaintiff The Cadle Company in Newton Falls, Ohio, by Federal Express. The court is unable to discern any service performed by Dominic Jannetty nor any amount of time or travel by anyone involved for which $485 would be a reasonable charge. The levying officer, whose office is in Waterbury, seems to have driven from Waterbury to Hamden and back, and conducted all other necessary business from within Waterbury. If the levying officer was assisted briefly by a brother officer at the auction, the court has already allowed a fee for that service. There is no expense listed for Federal Express.
The court notes that Capaldo previously charged only $15.50 for travel and $20 for service in performing a delivery of process in this case in July 2000 in Hamden. Therefore for time spent in travel, in taking the property into his possession and in sending it off to Ohio, the court allows an additional $100 as a reasonable fee.
The court allows the following as expenses and as fees:
 Room rental — $100 Auction — $ 50 Paid assistant — $ 75 Travel — $100 5% fee — $ 50 Total $ 375
The remaining funds — $625 — are allocated "to payment of the judgment creditor" pursuant to Conn. Gen. Stat. § 52-356a(d), and are to be credited against the debt owed by the judgment debtor. It is ordered that the proceeds of the sale of the property of the judgment debtor be distributed accordingly.
Patty Jenkins Pittman, Judge